UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MOZINGO,<br><br>        Plaintiff,<br><br>    v.<br><br>RAYTHEL FISHER, JR., *et al.,*<br><br>        Defendants. | Case No.: 1:15-cv-00633-LJO-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND VACATING HEARING**<br><br>(Docs. 20, 21) |

    Presently before the Court is Plaintiff James Mozingo's ("Plaintiff") Motion for Order Granting Leave to Amend the First Amended Complaint. (Doc. 20.) Defendants Lowery and Ladd ("Defendants") filed a notice of non-opposition to the motion on November 12, 2015. (Doc. 331). Based on the lack of opposition, the Court concludes that the matter is appropriate for determination without oral argument and vacates the hearing set for December 4, 2015. *See* Local Rule 230(g). Having considered the record in this case, the briefing, and the relevant law, Plaintiff's motion is GRANTED.

**BACKGROUND**

    Plaintiff is a former inmate who was in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Defendants Lowery and Ladd are correctional officers

1

employed by CDCR at Valley State Prison. This litigation stems from allegations that Defendants Lowery and Ladd improperly assigned Plaintiff to an upper bunk following his arrival at Valley State Prison on March 27, 2014. On March 31, 2014, Plaintiff, whose hand is in a permanently contracted position, submitted a written request for reassignment to a lower bunk. On April 1, 2014, Plaintiff attempted to descend from his upper bunk and fell because he was unable to grasp the frame of the bed. Plaintiff allegedly sustained injuries to his right shoulder, neck, and back, and subsequently experienced recurring right leg and groin numbness. Immediately after the fall, Plaintiff was reassigned to a lower bunk. However, as a result of the leg numbness, Plaintiff fell on May 1, 2014, and further injured his left knee, right leg and abdomen.

This litigation also stems from allegations that certain doe defendant health care providers failed to properly diagnose the extent of damage from the fall and denied Plaintiff's requests for diagnostic studies and treatment. More than a year later, a MRI revealed traumatic injury to Plaintiff's spine.

Plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment, negligence and violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

On September 11, 2015, the Court granted the parties' stipulation to strike certain allegations from the First Amended Complaint on the condition that Plaintiff file a Second Amended Complaint reflecting the stipulated changes. (Doc. 14.)

On October 27, 2015, the parties participated in a telephonic conference with the Court. Following a discussion regarding service of the doe defendants, the Court set a further status conference for December 15, 2015. The Court also ordered the parties, seven days prior to the conference, to file a status report indicating whether the appropriate doe defendants had been served and whether the Court should set scheduling deadlines. (Doc. 19.)

On November 2, 2015, Plaintiff filed the instant motion for leave to amend his complaint. By the motion, Plaintiff seeks to (1) add three named individuals (I. Singh, M.D.; Barbara Woodward, PA; and K. Phana, PA) in place of doe defendants; and (2) accommodate the previous stipulation of

the parties to strike certain language from the First Amended Complaint. (Doc. 20). Defendants Lowery and Ladd do not oppose the motion. (Doc. 21.)

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). To evaluate a motion to amend the complaint under Rule 15, the Court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Additionally, "leave to amend will not be granted where an amendment would be futile." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008).

In this case, the proposed amendment merely substitutes names for certain doe defendants and complies with the Court's earlier directive to file a Second Amended Complaint reflecting changes to the pleadings stipulated to by the parties. As the proposed amendment does not alter the facts alleged in the First Amended Complaint, there is no prejudice to any opponent.

Having considered the proposed amendment and Defendants' statement of non-opposition, the Court finds no evidence of bad faith, undue delay, prejudice to the opponent, or futility of amendment. Accordingly, the Court concludes that Plaintiff's request for leave to amend should be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED;

2. Within ten (10) days of service of this Order, Plaintiff shall file his Second Amended Complaint;

3. Upon the filing of the Second Amended Complaint, the Clerk of the Court shall issue summons as to I. Singh, M.D., Barbara Woodward, PA, and K. Phana, PA;

4. I. Singh, M.D., Barbara Woodward, PA, and K. Phana, PA, shall file their respective answers or other responsive pleadings to the Second Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following Plaintiff's service of the Second Amended Complaint;

5. Defendants Lowery and Ladd are not required to file an Answer to the Second Amended Complaint.

IT IS SO ORDERED.

Dated:   **November 13, 2015**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE