|   |   |
|---|---|
| JAMES MOZINGO, | Case No.: 1:15-cv-00633-LJO-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT AND VACATING HEARING** |
| v. |  |
| RAYTHEL FISHER, JR., *et al.,* |  |
| Defendants. | (Doc. 55) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Presently before the Court is Plaintiff James Mozingo's ("Plaintiff") Motion for Order Granting Leave to Amend the Second Amended Complaint. (Doc. 55). Defendant Kelly Phanh, P.A., filed a statement of non-opposition to the motion on March 30, 2016. (Doc. 57). Defendants California Department of Corrections and Rehabilitation, Ladd, Lowery, Singh and Woodward filed a statement of non-opposition to the motion on April 12, 2014. (Doc. 58). Based on the lack of opposition, the Court concludes that the matter is appropriate for determination without oral argument and vacates the hearing set for April 27, 2016. *See* Local Rule 230(g). Having considered the record in this case, the briefing, and the relevant law, Plaintiff's motion is GRANTED.

///

///

1

**BACKGROUND**

Plaintiff is a former inmate who was in the custody of Defendant California Department of Corrections and Rehabilitation ("CDCR"). Defendants Lowery and Ladd were correctional officers employed by CDCR at Valley State Prison. Defendant I. Singh, M.D., was a physician/surgeon at Valley State Prison. Defendants Woodward and Phanh were Physician's Assistants at Valley State Prison. This litigation stems from allegations that Defendants Lowery and Ladd improperly assigned Plaintiff to an upper bunk following his arrival at Valley State Prison on March 27, 2014. On March 31, 2014, Plaintiff, whose hand is in a permanently contracted position, submitted a written request for reassignment to a lower bunk. On April 1, 2014, Plaintiff attempted to descend from his upper bunk and fell because he was unable to grasp the frame of the bed. Plaintiff allegedly sustained injuries to his right shoulder, neck, and head, and subsequently experienced recurring right leg and groin numbness. Immediately after the fall, Plaintiff was reassigned to a lower bunk. However, as a result of the leg numbness, Plaintiff fell on May 1, 2014, and further injured his left knee, right leg and abdomen.

This litigation also stems from allegations that the defendant health care providers failed to properly diagnose the extent of damage from the fall and denied Plaintiff's requests for diagnostic studies and treatment. More than a year later, a MRI revealed traumatic injury to Plaintiff's spine.

Plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment, negligence, medical negligence and violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

On November 13, 2015, Plaintiff filed a second amended complaint. On January 20, 2016, the Court granted the parties' stipulation to permit an amendment to the second amended complaint to properly spell the name of Defendant K. Phanh. (Doc. 38).

On March 28, 2016, Plaintiff filed the instant motion for leave to amend the operative complaint. By the motion, Plaintiff seeks to add Sgt. Huff as a named defendant responsible for Plaintiff's housing assignment at issue. (Doc. 55-1). Defendants do not oppose the motion. (Docs. 57, 58).

///

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend the complaint under Rule 15, the Court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Additionally, "leave to amend will not be granted where an amendment would be futile." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008).

In this case, the proposed amendment would substitute Sgt. Huff in place of a doe defendant. In responses to interrogatories, Defendant Ladd reportedly indicated that Sgt. Huff was responsible for assigning Plaintiff's housing upon his arrival at Valley State Prison. As the proposed amendment does not alter the facts alleged against the previously named defendants, there is no prejudice to any opponent.

With regard to undue delay, however, the Court notes that Plaintiff waited more than three months after learning of Sgt. Huff's involvement before filing the instant motion to amend. Plaintiff apparently learned of Sgt. Huff's involvement after service of Defendant Ladd's responses to interrogatories on December 15, 2015. (Doc. 55-3; Decl. of Ken Karan at ¶ 3). However, Plaintiff did

not file the instant motion for leave to amend until March 23, 2016. (Doc. 55). Plaintiff explains that the delay in bringing the instant motion is attributable to his counsel's focus on serving Defendant Phanh. (Karan Decl. at ¶ 4). Plaintiff's counsel reportedly set aside the discovery responses until after Defendant Phanh appeared in this action on March 18, 2016. (Id. at ¶ 5). Additionally, counsel represents that he has been experiencing serious personal health and safety issues that he continues to address. (Id. at 55-3). Based on counsel's explanation, the Court does not find evidence of undue delay. With regard to the remaining factors, having considered the proposed amendment and Defendants' statements of non-opposition, the Court finds no evidence of futility of amendment or bad faith. Accordingly, the Court concludes that Plaintiff's request for leave to amend should be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a Third Amended Complaint is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiff shall file his Third Amended Complaint;

3. Upon the filing of the Third Amended Complaint, the Clerk of the Court shall issue summons as to Sgt. Huff; and

4. Sgt. Huff shall file an answer or other responsive pleading to the Third Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following Plaintiff's service of the Third Amended Complaint.

IT IS SO ORDERED.

Dated: __April 20, 2016__        /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE